# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

| | | |
|---|---|---|
| BLACKJACK ENTERTAINMENT LLC d/b/a MILESTONE EVENT GROUP, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. |
| DJ TRIVIA LLC AND MARK WILKINS, | ) ) ) | |
| Defendants. | ) ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants DJ Trivia LLC ("DJ Trivia") and Mark Wilkins (together, "Defendants"), by and through their undersigned counsel, hereby remove the state court action described below to this Court. In support of this Notice of Removal, Defendants state as follows:

1.      On June 17, 2024, Plaintiff BlackJack Entertainment LLC d/b/a Milestone Event Group ("Plaintiff") commenced this action by filing its Complaint for Breach of Contract, Quantum Meruit, and Tortious Interference with Contract (the "Complaint") in the Superior Court of Georgia for White County, Case No. SUCV2024000243 (the "Superior Court Action"). Pursuant to 28 U.S.C. § 1446(a)

and the local rules of this Court, a copy of the complete state court record is attached hereto as <u>Exhibit A</u>.

2.     Notice of the filing of this Notice of Removal has been provided to Plaintiff by service of a copy of this Notice of Removal upon its attorneys as required by 28 U.S.C. § 1446(d). A true and correct copy of this Notice of Removal will be filed with the Clerk of the Superior Court of Georgia for White County in accordance with the provisions of 28 U.S.C. § 1446(d), along with a Notice of that filing.

## TIMELINESS OF REMOVAL

3.     Defendants accepted service of this Complaint on June 19, 2024. In accordance with 28 U.S.C. § 1446, this Notice of Removal is timely filed within thirty (30) days of Defendants' notice and receipt of the Complaint.

## BACKGROUND

4.     DJ Trivia is the owner of valid and subsisting United States Trademark Registration No. 5,198,539 on the Principal Register in the United States Patent and Trademark Office for the trademark DJ TRIVIA for "Game software" in Class 9 and "Disc jockey services; Entertainment services, namely, production and distribution of a quiz show; Conducting live entertainment in the nature of games featuring trivia questions and answers" in Class 41 (the "DJ TRIVIA Mark").

5.      On or about March 8, 2022, Plaintiff entered into an Affiliate Agreement (the "Agreement") with DJ Trivia for the Affiliate Market Area of Monmouth County, New Jersey. *See* Exhibit B, Affiliate Agreement.

6.      Under the Agreement, Plaintiff was granted limited rights to use the DJ TRIVIA Mark related to its services in Monmouth County, New Jersey.

7.      Under that Agreement, Plaintiff could create a website and social media accounts using the DJ TRIVIA Mark, subject to certain terms for proper use outlined in the Agreement.

8.      Specifically, the Agreement provided that "[c]reation of website domain name and social media sites by [Plaintiff] shall follow a format of [DJ Trivia] name followed by the Affiliate Service Market name." *See* Exhibit B.

9.      Under the Agreement, Plaintiff was permitted to create a website domain or social media sites using "DJ TRIVIA Monmouth."

10.     The Agreement further provided instructions for using the DJ TRIVIA Mark, including limitations on co-branding and requirements for using the DJ Trivia logo.

11.     Plaintiff breached the Agreement by using the unauthorized mark DJ TRIVIA NJ (the "Infringing Mark"), including use of the domain name <djtrivianj.com>  and the social media accounts <facebook.com/djtrivianj> and

\<instagram.com/djtrivianj\>.

12.    On November 14, 2023, DJ Trivia informed Plaintiff that it was not in compliance with the terms of the Agreement regarding use of the DJ TRIVIA Mark and requested that Plaintiff comply with the terms of the Agreement. *See* Exhibit C, November 14, 2023, E-mail.

13.    Plaintiff did not comply with the terms of the Agreement, despite assuring DJ Trivia that it would "be compliant asap." *See* Exhibit D, November 17, 2023, E-mail.

14.    At a meeting in Las Vegas, Nevada, in February 2024, DJ Trivia reiterated to Plaintiff that it needed to cease and desist use of the Infringing Mark because Defendant's Affiliate Market Area was only Monmouth County and not all of New Jersey.

15.    After the Las Vegas meeting, Plaintiff continued its unauthorized use of the Infringing Mark.

16.    As a result, on April 3, 2024, DJ Trivia sent a Notice of Termination of Affiliate Agreement and Intellectual Property Rights (the "Cease and Desist Letter") to Plaintiff demanding that it transfer the domain name \<djtrivianj.com\> and the social media accounts \<facebook.com/djtrivianj\> and \<instagram.com/djtrivianj\> and cease and desist all use of the DJ TRIVIA Mark,

including use of DJ TRIVIA NJ. *See* <u>Exhibit E</u>, April 3, 2024, Cease and Desist Letter.

17.    The Cease and Desist Letter specifically stated that "[Plaintiff's] use of the DJ TRIVIA Mark is subject to the Federal Trademark Act of 1946 (the "Lanham Act")" and that if Plaintiff did not comply with the demands of the letter on or before April 18, 2024, DJ Trivia would "move forward with enforcing its rights via the filing of takedown requests, a UDRP proceeding, a lawsuit ***in federal court***, or any other action necessary to enforce its rights." *See* <u>id.</u> (emphasis added).

18.    On April 18, 2024, counsel for Plaintiff e-mailed counsel for Defendants stating, "I just spoke to my client and he is agreeable to ceding control of the DJ Trivia social media accounts and domain that he currently has control of." *See* <u>Exhibit F</u>, April 18, 2024, E-mail.

19.    On April 19, 2024, counsel for Defendants responded, "We will draft a short settlement agreement and send to you for review early next week." *See* <u>Exhibit G</u>, April 19, 2024, E-mail.

20.    On May 3, 2024, counsel for Plaintiff sent a follow-up e-mail to counsel for Defendants asking if "we are good as it relates to the trademark component of this matter." *See* <u>Exhibit H</u>, May 3, 2024, E-mail.

21.    On May 7, 2024, counsel for Defendants responded to counsel for

Plaintiff stating, "Yes, I think we are close to having this resolved. We are drafting a short settlement agreement and release related to the trademark and other potential issues between the parties." *See* Exhibit I, May 7, 2024, E-mail.

22.    On May 14, 2024, counsel for Defendants sent a draft Settlement Agreement and Release to counsel for Plaintiff for review. *See* Exhibit J, May 14, 2024, E-mail.

23.    Counsel for Plaintiff did not respond to the May 14, 2024 e-mail.

24.    On May 30, 2024, Counsel for Defendants sent a follow-up e-mail about the proposed settlement agreement and release to counsel for Plaintiff. *See* Exhibit K, May 30, 2024, E-mail.

25.    Counsel for Plaintiff did not respond to the May 30, 2024 e-mail.

26.    On June 17, 2024, Plaintiff filed the Superior Court Action.

## BASIS FOR REMOVAL

27.    As explained below, the United States District Court for the Northern District of Georgia has federal question jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331, 1337, 1338 (and specifically Sections 32 and 43 of the Lanham Act and 15 U.S.C. §§ 1114, 1121, 1125) and the Federal Declaratory Judgments Act 28 U.S.C. §§ 2201 and 2202.

28.    This Court has federal question jurisdiction over the matters in the

Superior Court Action pursuant to 28 U.S.C. § 1331. While the Superior Court Action does not specifically allege a federal cause of action, it is apparent that Plaintiff's Superior Court Action seeks a declaration of non-infringement of the DJ TRIVIA Mark, and no amount of artful pleading can avoid that conclusion.

29.     Removal on the grounds of federal question jurisdiction, 28 U.S.C. § 1331, generally requires that a federal question be presented on the face of a plaintiff's well-pleaded complaint. *Okla. Tax Comm'n v. Graham*, 489 U.S. 838, 840–41 (1989); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1 (1983). A plaintiff, as the master of the complaint, may avoid federal jurisdiction by exclusive reliance on state law. *Caterpillar*, 482 U.S. at 392. A plaintiff asserting facts that invoke either federal or state jurisdiction may choose to limit the claims to ones based solely upon state law to proceed in state court. *See Okla. Tax Comm'n*, 489 U.S. at 840–41. However, "the presence of even one federal claim gives the defendant the right to remove the entire case to federal court." *Gaming Corp. of Am. v. Dorsey & Whitney*, 88 F.3d 536, 543 (8th Cir. 1996); *Sportscare of Am., P.C. v. Multiplan, Inc.*, No. 2:10-cv-04414 (WJM), 2013 WL 1661018, at *13 (D.N.J. Apr. 17, 2013) ("It is black letter law that a case is properly removed to federal court if there is ***a single federal question*** present in

the complaint." (emphasis added)).

30.     There are two situations where federal question jurisdiction is available even though a plaintiff has based its claim in state court on state law: (1) when it appears that some substantial question of federal law is a necessary element of one of the well-pleaded state claims, or (2) when it appears that one of the plaintiff's claims is "really" one of federal law. *Franchise Tax Bd.*, 463 U.S. at 13 (quotations omitted).

31.     "It is an independent corollary of the well-pleaded complaint rule that a plaintiff may not defeat removal by omitting to plead necessary federal questions in the complaint." *Franchise Tax Bd.,* 463 U.S. at 22. Thus, federal question jurisdiction will be found where the plaintiff's complaint contains a federal question that is artfully pleaded as a state law claim. *Id.*; *see also Federated Dep't Stores v. Moitie*, 452 U.S. 394, 397 n.2 (1981).

32.     The Complaint alleges that Plaintiff "acted in accordance with the Agreement and at all times sought to comply with [DJ Trivia's] Affiliate Terms of Service" and that DJ Trivia breached the Agreement "by terminating without good cause." (Complaint ¶¶ 24-26.)

33.     Plaintiff makes these allegations despite notice from DJ Trivia that the Agreement was terminated due to Plaintiff's infringement of the DJ TRIVIA

Mark, among other reasons. *See* <u>Exhibit E</u>.

34.     The first issue that must be resolved in the dispute between Plaintiff and Defendants is whether Plaintiff infringed the DJ TRIVIA Mark, which would be a breach of the Agreement and cause for termination.

35.     Plaintiff is not seeking to vindicate its own rights under Georgia law but is, instead, seeking a declaration of non-infringement. Therefore, this action arises under the Lanham Act and the Federal Declaratory Judgments Act and is removable.

36.     By removing this action to this Court, Defendants do not waive any defenses, counterclaims, objections, rights, or motions available under state or federal law. Defendants expressly reserve the right to move for dismissal of some or all of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

## CONCLUSION

Accordingly, and pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1441, Defendants hereby remove this action to the United States District Court for the Northern District of Georgia based on federal question jurisdiction.

Dated: July 19, 2024

[Signature on following page.]

9

Respectfully submitted,

*/s/ James W. Faris*
James W. Faris
Georgia Bar No. 452293
CAIOLA & ROSE LLC
125 Clairemont Avenue, Suite 240
Decatur, Georgia 30030
Telephone: 470-300-1010
Email: jimmy@caiolarose.com

Kevin Hartley (to be admitted *pro hac vice*)
Randy Michels (to be admitted *pro hac vice*)
Bill Ferrell (to be admitted *pro hac vice*)
TRUST TREE LEGAL, P.C.
798 Berry Road, #41400
Nashville, TN  37204
Telephone: (615) 469-0451
Email: kevin@trusttree.com
Email: randy@trusttree.com
Email: bill@trusttree.com

Attorneys for Defendants
*DJ Trivia LLC and Mark Wilkins*

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1C</u>

Pursuant to Local Rule 7.1D, I hereby certify that the foregoing has been prepared using one of the fonts and point selections approved by the Court in Local Rule 5.1C. This document was prepared using Times New Roman (14 point).

This the 19th day of July, 2024.

*/s/ James W. Faris*
James W. Faris
Georgia Bar No. 452293

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| BLACKJACK ENTERTAINMENT LLC d/b/a MILESTONE EVENT GROUP, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. |
| DJ TRIVIA LLC AND MARK WILKINS, | ) ) ) | |
| Defendants. | ) ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify I have this day served a true and correct copy of the

foregoing ***NOTICE OF REMOVAL*** upon all parties by depositing same in the

United States Mail in a properly addressed envelope with adequate postage affixed

thereto, by electronic statutory service and by electronically filing it with the Clerk

of Court using the Court's e-filing system and by email to the following:

Counsel for Plaintiff
AWard Law, LLC
PO Box 30620
Bethlehem, GA 30620
Attn: Alex Ward
alex@awardlaw.net

[Signature on following page.]

12

This the 19th day of July, 2024.

/s/ James W. Faris
James W. Faris
Georgia Bar No. 452293