## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

IN RE:
CASES ASSIGNED TO JUDGE RICHARD W. STORY

## STANDING ORDER REGARDING CIVIL LIGITATION

This case has been assigned to Judge Richard W. Story. The purpose of this Order is to inform the parties and their counsel of the Court's policies, procedures, and practices. It is issued to promote the just and efficient determination of the case. This Order, in combination with this Court's Local Rules and the Federal Rules of Civil Procedure, shall govern this case.

# TABLE OF CONTENTS

I.  GENERAL CASE ADMINISTRATION ........................................................ 4

    a. General Matters ................................................................ 4

    b. Contacting Chambers ........................................................ 4

    c. Transcripts ...................................................................... 5

    d. *Pro Se* Litigants ............................................................... 5

        i.   *In General* ........................................................... 5

        ii.  *Communication* .................................................... 6

        iii. *Service of Documents* ............................................ 6

        iv. *Notification of Address* ......................................... 8

II. PRETRIAL CASE MANAGEMENT ........................................................ 8

    a. Conferences .................................................................... 8

    b. Discovery ....................................................................... 9

        i.   *Discovery Responses-Boilerplate and General Objections* ............... 9

        ii.  *Discovery Timing* .................................................. 10

        iii. *Discovery Disputes* ................................................ 10

    c. Consent Protective Confidentiality Orders ............................. 11

    d. Filing Documents Under Seal ............................................. 12

    e. Brief Nomenclature ........................................................ 13

    f. Electronic Filing of Exhibits and Attachments ....................... 14

    g. Courtesy Copies ............................................................. 14

    h. Proposed Orders ............................................................ 15

    i. Extensions of Time .......................................................... 15

    j. Extensions of Page Limits .................................................. 16

    k. Motions for Temporary Restraining Order or Preliminary Injunction ...... 16

l. Motions for Summary Judgment ............................................................... 16

    *i. Record References* ................................................................................ *16*

    *ii. Statement of Material Facts & Response* ........................................... *17*

m. Requests for Oral Argument on Motions ..................................................... 17

n. Proposed Findings of Fact and Conclusions of Law ................................. 18

o. Settlements ................................................................................................. 18

p. Dismissal ................................................................................................... 18

**III. CASE MANAGEMENT AT TRIAL** ........................................................... **19**

a. Proposed Consolidated Pretrial Order ..................................................... 19

b. Pretrial Conference, Motions *in Limine*, Daubert Motions ......................... 20

c. Courtroom Technology ............................................................................. 21

d. Jury Instructions ....................................................................................... 22

## I.   GENERAL CASE ADMINISTRATION

### a.   General Matters

Attorneys and *pro se* litigants (without an attorney) appearing in this court in civil litigation must observe three sets of rules:

1.  The Federal Rules of Civil Procedure ("FED. R. CIV. P.").

2.  The Local Rules for the Northern District of Georgia ("LR, NDGA").

3.  The rules contained in this Standing Order.

The Federal and Local Rules are available under the "Rules" tab on the Court's website: http://www.gand.uscourts.gov/.

### b.   Contacting Chambers

Stacey Kemp, the Courtroom Deputy Clerk, is your principal point of contact on matters related to this case. Where possible, communications with Ms. Kemp should be by telephone. Please note that Ms. Kemp is often in the courtroom, so telephone messages may not be returned for 24 hours. The contact information for Ms. Kemp is as follows:

> Ms. Stacey Kemp
> Courtroom Deputy Clerk
> 140 United States Courthouse
> 121 Spring Street, S.E.
> Gainesville, GA 30501
> (404) 215-1349
> Stacey_Kemp@gand.uscourts.gov

4

Neither the parties nor their counsel should discuss the merits of the case with Ms. Kemp or any of the Court's law clerks.

### c.    Transcripts

Communications regarding transcripts should be directed to the Official Court Reporter who took down the proceeding. If any party desires daily copy or rough draft copy for a scheduled proceeding, that party must contact Ms. Kemp at least two weeks before the proceeding.

### d.    *Pro Se* Litigants

#### i.    *In General*

Parties proceeding *pro se* (without an attorney) are advised that they must comply with the Federal Rules of Civil Procedure as well as the Local Rules of the United States District Court for the Northern District of Georgia and this Standing Order. *Pro se* parties may obtain certain basic materials and hand-outs from the Office of the Clerk of Court ("Clerk's Office") located on the 2nd Floor of the United States Courthouse, 121 Spring St., SE, Gainesville, Georgia. Many documents are also available on the Court's website at www.gand.uscourts.gov. *Pro se* litigants may also utilize the law library located at the U. S. Court of Appeals Circuit Library in the Elbert A. Tuttle Building, 56 Forsyth Street, NW, Atlanta, Georgia.

### ii.    *Communication*

Counsel and parties representing themselves are **PROHIBITED** from engaging in *ex parte* communications with the Court or the Court's staff. "*Ex parte* communications" mean any form of contact with the Court outside the presence of the opposing party or opposing party's counsel. This includes, but is not limited to telephone calls, written correspondence, or in-person contact by one party or party's counsel.

If counsel or a pro se litigant seeks action by the Court, the appropriate procedure is to put the request in writing, in the form of a motion, file the motion with the Clerk's Office, and serve the Motion upon the opposing party or party's counsel. See FED. R. CIV. P. 5; LR 5.1-5.2, NDGA; see also LR 7.4, NDGA ("Communications to judges seeking a ruling or order, including an extension of time, shall be by motion and not by letter. A letter seeking such action ordinarily will not be treated as a motion.").

### iii.    *Service of Documents*

The Clerk of Court and the U.S. Marshals Service will not serve documents filed by either party, unless expressly directed to do so by the Court. The Court will only direct the Clerk or the U.S. Marshals Service to serve in the following instances: (1) in the event a plaintiff is granted leave to proceed *in forma pauperis*

(without pre-payment of fees) and survives a frivolity review, in which case the Court will direct the Clerk to prepare (and deliver to the U.S. Marshals Service if necessary) a service package containing the case initiating document(s); or (2) in exceptional circumstances under the Court's discretion. The National Association of Professional Process Servers provides a search engine for locating process servers across the nation at its website, www.napps.org.

A *pro se* party is **REQUIRED** (1) to provide the Clerk with an original of any further pleadings or other papers filed with the Court after the Complaint, and (2) to serve upon the other parties or counsel for the other parties by mail or by hand delivery under Rule 5 of the Federal Rules of Civil Procedure, a copy of every additional pleading or other paper described in Rule 5 of the Federal Rules of Civil Procedure.

Each pleading or paper described in Rule 5, including pleadings, papers related to discovery required to be served, motions, notices, and similar papers, shall include a certificate stating the date on which an accurate copy of that pleading or document was mailed or hand-delivered to the other parties or their counsel. The Court shall disregard any papers submitted which have not been properly filed with the Clerk or which do not include a certificate of service.

### iv.    *Notification of Address*

*Pro se* parties are further **REQUIRED** to keep the Court advised of their current address at all times during the pendency of the lawsuit. Local Rule 83.l(D)(3) provides that counsel and parties appearing *pro se* have, in all cases, a duty to notify the Clerk's Office by letter of any change in address and/or telephone number. Per this rule, "[a] failure to keep the clerk's office so informed which causes a delay or otherwise adversely affects the management of a civil case shall constitute grounds for dismissal without prejudice or entry of a judgment by default." Pro se parties are encouraged to provide the other parties or their counsel with an email address for purposes of communicating regarding the case and serving copies of court filings and discovery.

## II.    PRETRIAL CASE MANAGEMENT

### a.    Conferences

Scheduling, discovery, pretrial, and settlement conferences promote the speedy, just, and efficient resolution of cases. Therefore, the Court encourages the parties to request a conference with the Court when counsel believe that a conference will be helpful and counsel has specific goals and an agenda for the conference. Conferences may be requested by contacting Ms. Kemp.

### b.      Discovery

#### i.      *Discovery Responses-Boilerplate and General Objections*

Boilerplate objections in response to discovery requests are strictly **PROHIBITED**. Parties should not carelessly invoke the usual litany of rote objections; *e.g.*, attorney-client privilege, work-product immunity from discovery, overly broad/unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence.

Moreover, general objections are **PROHIBITED**; *i.e.*, a party shall not include in a response to a discovery request a "Preamble" or a "General Objections" section stating that the party objects to the discovery request "to the extent that" it violates some rule pertaining to discovery; *e.g.*, attorney- client privilege, work-product immunity from discovery, and the prohibition against discovery requests that are vague, ambiguous, overly broad, or unduly burdensome. All such general objections shall be disregarded by the Court.

Instead, each individual discovery response must be met with every specific objection thereto—but only those objections that actually apply to that particular request. Otherwise, it is impossible for the Court or the party upon whom the discovery response is served to know exactly what objections have been asserted to each individual request.

Finally, a party who objects to a discovery request but then responds to the request must indicate whether the response is complete; i.e., whether additional information or documents would have been provided but for the objection(s). For example, in response to an interrogatory, a party is not permitted to raise objections and then state, "Subject to these objections and without waiving them, the response is as follows . . ." unless the party expressly indicates whether additional information would have been included in the response but for the objection(s).

### ii.   *Discovery Timing*

All discovery requests must be served early enough so that the responses thereto are due on or before the last day of the discovery period. The Court typically will not compel responses to discovery requests that were not served in time for responses to be made before the discovery period ended.

### iii.   *Discovery Disputes*

Prior to filing a discovery motion, the parties are **REQUIRED** to confer in good faith in an effort to resolve the dispute. The duty to confer **requires oral communication** between the attorneys. The duty **is not satisfied by sending a written document** (*e.g.*, email or letter) to the opposing party, unless repeated attempts to confer by telephone, videoconference, or in person are unsuccessful.

10

In the event the parties are unable to resolve the dispute, the party seeking Court intervention should contact Ms. Kemp and advise her that the party seeks relief with respect to a discovery matter. Ordinarily, Ms. Kemp will request that each side submit a brief statement of the issues (no more than 3 pages). The Court will either decide the matter based on the submissions, schedule a conference call with counsel, or authorize counsel to file a formal motion.

If a dispute between a party and a non-party arises, the party must promptly inform the non-party of this discovery-dispute policy. In raising the discovery dispute with the Court, both the party and the non-party must follow the same procedure detailed above. If a non-party fails to respond to a properly served subpoena, the party issuing the subpoena must file a formal motion seeking relief and alert Chambers to the filing via email so that it can receive prompt attention.

The Court is usually available by telephone to resolve objections and disputes that arise during depositions. Counsel should call Ms. Kemp to request that the Court hear the objections.

### c.   Consent Protective Confidentiality Orders

The Court disfavors the excessive use of consent protective confidentiality orders that allow counsel to designate documents, tangible things, and information as "Confidential" and/or "Confidential - For Attorney's Eyes Only." While the

Court recognizes the legitimacy of such orders in some cases, the Court's experience is that such orders are used-and abused-more often than truly necessary.

As a guide to counsel, the Court notes that documents, tangible things, and information ordinarily are not truly confidential unless they constitute either (1) a "trade secret," as defined by Section 1(4) of the Uniform Trade Secrets Act, or for cases applying Georgia law, O.C.G.A. § 10-1-761(4); (2) personal identifying information, such as a Social Security number; or (3) personal health information protected by the Health Insurance Portability and Accountability Act.

If the parties find that a consent protective confidentiality order is necessary, the following language should be included (and shall be deemed included) therein:

> Any documents (including briefs), tangible things, or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court sealing the documents. Such documents must be filed in accordance with the procedures outlined in Section II.d. of the Court's Standing Order Regarding Civil Litigation for Filing Documents Under Seal.

**d.     Filing Documents Under Seal**

The procedures for filing documents under seal are as follows: For documents filed other than during a hearing or trial, counsel shall electronically file on CM/ECF a motion to seal that lists the document(s) that counsel wants filed under seal and a proposed order granting the motion. The documents that counsel

wishes to be sealed should be **provisionally** filed on CM/ECF, per the directions set out in *Procedures for Electronic Filing Under Seal in Civil Cases* on the Court's website under "Electronic Case Filing Info." (See also Appendix H to the Local Rules.) Counsel should not send paper copies of the documents to chambers or to the Clerk's office.

For tangible things other than documents, the parties shall deliver the items to Ms. Kemp in chambers along with a proposed order permitting the tangible things to be filed under seal.

### e.    Brief Nomenclature

Briefs should be titled and entered on CM/ECF as follows:

1. The initial brief of a movant should be titled "Brief in Support of [state the motion]."

2. The brief of the responding party should be titled "[name of respondent's Response in Opposition to [state the motion]."

3. The reply of the moving party should be titled "Reply in Support of [state the motion]."

Though surreplies should not be filed in the normal course, if the Court authorizes a surreply, it should be titled "[name of party filing the surreply]'s Surreply to [name of motion]."

**f.**     **Electronic Filing of Exhibits and Attachments**

The parties should make every effort to label all electronically uploaded exhibits and attachments according to their content to assist the Court in making its ruling. For example, the Court would prefer to have documents uploaded as Ex. A: Smith Deposition, Ex. B: Employment Contract, and Ex. C: Jones Letter, rather than Ex. A., Ex. B, and Ex. C.

**g.**     **Courtesy Copies**

Parties frequently forward copies of motions or other filings directly to chambers for the Court's convenience. Courtesy copies are not required, except for emergency motions filed pursuant to Local Rule 7.2(B), and motions for temporary restraining orders and/or preliminary injunctions.

Courtesy copies of motions for summary judgment that have voluminous exhibits may be submitted to chambers. Courtesy copies of such emergency motions, motions for temporary restraining orders, and/or motions for preliminary injunctions should be hand-delivered to chambers in Room 140 of the United States Courthouse in Gainesville. Courtesy copies of motions for summary judgment that have voluminous exhibits may be either hand-delivered to chambers in Room 140 or submitted via regular mail to the attention of the Courtroom Deputy Clerk at the address provided above.

### h.    Proposed Orders

For all consent, unopposed, or joint motions, a proposed order should be filed along with the motion via CM/ECF. A Word (.docx) version of the proposed order should be attached to the CM/ECF filing receipt email and forwarded to Chambers. Proposed orders on contested motions should not be filed or submitted to Chambers unless specifically requested by the Court.

### i.    Extensions of Time

The Court is responsible for processing cases toward a prompt and just resolution. To that end, the Court seeks to set reasonable, but firm deadlines. Motions for extension of time, even if designated as joint, unopposed, or by consent, will not be granted as a matter of course.

Parties seeking an extension should explain with specificity the unanticipated or unforeseen circumstances necessitating the extension and should set forth a full-time table for the completion of the briefing for which the extension is sought. Parties should indicate whether the opposing party consents to the request for an extension and the proposed schedule. A proposed order should be filed along with the motion via CM/ECF.  If a motion for extension of time is filed prior to the expiration of the time for which the extension is being sought, the deadline will be stayed pending the Court's ruling on the motion.

### j.      Extensions of Page Limits

As with motions for extension of time, requests for extensions of the page

limits prescribed by the Local Rules will not be granted as a matter of course.

Parties seeking an extension of the page limit must explain with specificity the

circumstances necessitating additional pages. Parties should indicate whether the

opposing party consents to the request for additional pages. A proposed order

should be filed along with the motion via CM/ECF.

### k.      Motions for Temporary Restraining Order or Preliminary Injunction

Any request for a temporary restraining order or for preliminary injunctive

relief must be made by separate motion. A request for temporary restraining order

or preliminary injunction found only in the complaint will not be considered. After

filing an appropriate motion, the movant must contact Ms. Kemp to request

expedited consideration.

### l.      Motions for Summary Judgment

#### i.      *Record References*

All citations to the record evidence should be contained in each party's brief,

not just in the party's statement of undisputed (or disputed) facts. When filing a

brief in support of or in opposition to a motion for summary judgment, the party

shall simultaneously file the original transcript of each deposition referenced in the

brief. The party should include in the brief, immediately following the deposition reference, a citation indicating the page and line numbers of the transcript where the referenced testimony can be found. The party should also attach to the brief a copy of the specific pages of the deposition that are referenced in the brief. The party should not attach to the brief a copy of the entire deposition transcript.

### ii.    *Statement of Material Facts & Response*

In addition to following the form instructions set out in Local Rule 56.l(B), a party responding to a statement of material fact shall copy into its response document the numbered statement to which it is responding and provide its response to that statement immediately following. A party that chooses to reply to a response shall copy into its reply document its original numbered statement of material fact and the opposing party's response, then provide its reply to that statement immediately following. Each party shall file its documents in text-searchable PDF format.

### m.    Requests for Oral Argument on Motions

In accordance with the Local Rules, motions are usually decided without oral argument, but the Court will consider any request for hearing.

Moreover, the Court shall grant a request for oral argument on a contested, substantive motion if the request states that a lawyer who is less than seven years

out of law school will conduct the oral argument on at least one substantial issue in the case, it being the Court's belief that young lawyers need more opportunities for Court appearances than they usually receive.

### n.      Proposed Findings of Fact and Conclusions of Law

When counsel is required to submit proposed findings of fact and conclusions of law, see LR 16.4(B)(25), NDGA, in addition to electronically filing same, counsel should provide a Word version (.docx) to Chambers.

### o.      Settlements

When all parties to a matter have reached a tentative settlement or agreed to a settlement in principle, but have not yet completed all steps necessary to document the settlement, they should alert the Court to this status by filing a Notice of Settlement that indicates the amount of time needed to complete the settlement process and dismiss the action. This Notice does *not* end the case; once the settlement is final, it is important that parties complete the final step of dismissing the case.

### p.      Dismissal

Notices or stipulations of dismissal that satisfy Federal Rule of Civil Procedure 41(a)(1) take effect upon filing, even if the document includes a signature line for the Court; consequently, the Court will not sign such stipulations.

If the parties seek dismissal pursuant to a court order, they should submit a motion and proposed order dismissing the action pursuant to Rule 41(a)(2).

## III.   CASE MANAGEMENT AT TRIAL

### a.   Proposed Consolidated Pretrial Order

The proposed consolidated Pretrial Order ordinarily shall be filed within thirty (30) days after the close of discovery or the entry of an order ruling on any pending motion(s) for summary judgment, whichever is later.

Before proposing *voir dire* questions to the Court, as required in the Pretrial Order, the parties shall go to the district court's website at www.gand.uscourts.gov. On the home page, locate the Individual Judge Instructions tab and go to the link for Cases before Judge Story. Here the Court has provided Background Jury Questions that are asked of prospective jurors in all trials. The Court has also provided Qualifying Questions that will be asked by the Court in civil trials. Also, written Juror Questionnaires are routinely used in all trials, and the Court has provided the basic questions that will typically be included in the Juror Questionnaire. Counsel, in their *voir dire* requests, may request that additional questions be included in the Juror Questionnaire. Please do not duplicate the questions from any of these sources in your proposed *voir dire*.

The statement of contentions in the Pretrial Order governs the issues to be tried. In listing witnesses, or exhibits, a party may not reserve the right to supplement their list nor may a party adopt another party's list by reference. Witnesses and exhibits not identified in the Pretrial Order may not be used during trial, unless it is necessary to prevent a manifest injustice.

> **b.    Pretrial Conference, Motions *in Limine*, Daubert Motions**

The Court will conduct a pretrial conference. The purpose of the conference is to explain trial procedures, simplify the issues to be tried, and to rule on motions *in limine* and Daubert motions.

The parties are required, seven (7) days before the pretrial conference, to identify in writing to the Court the specific witnesses they will call in their case-in-chief at trial. This may be done by sending the list by email to Ms. Kemp.

The Court generally does not require the parties to bring with them to the pretrial conference the exhibits to which there are objections. It is the Court's practice to consider the admissibility of exhibits during trial when the Court will have better context for ruling on the objections. If counsel identifies an issue that would affect the admissibility of several related exhibits, such an issue may be addressed at the pretrial conference.

Motions *in limine* and Daubert motions must be filed at least fourteen (14) days before the pretrial conference. Responses to the motions are due seven (7) days before the pretrial conference.

### c.    Courtroom Technology

Our courtroom has electronic equipment for use by counsel at trial. For more information on the equipment or to schedule an opportunity to test the equipment, please contact the Courtroom Deputy Clerk Ms. Kemp. It is the parties' responsibility to make sure they know how to use the available equipment, to have the cables necessary to hook up their equipment, and to ensure that their equipment will interface with the Court's technology.

Any party or counsel without a blue attorney ID card issued through the U.S. Marshals Service who would like to bring into the courthouse electronic equipment, such as a laptop computer or cell phone with a camera, must submit to the Court a proposed order allowing the same. The proposed order should identify the electronic equipment, specify the date(s) of the hearing or trial to which the party or counsel desires to bring the equipment, and identify the courtroom to which the equipment will be brought. This should be done not less than three (3) business days prior to the hearing or trial to allow for proper notification to the U.S. Marshals Service.

### d.    Jury Instructions

Ordinarily, the Court will charge the jury after closing arguments. The Court will provide the jury with a written copy of the jury instructions. Requests to charge and verdict forms shall be filed on CM/ECF no later than noon on the Friday before the case is calendared for trial, unless otherwise ordered by the Court. The parties must also email to Ms. Kemp, in Word format (.docx), an electronic copy of the proposed jury instructions.

The parties are **REQUIRED** to file a single, unified set of proposed jury instructions that clearly identifies those jury instructions to which both parties agree and those instructions to which the parties do not agree. For those instructions that are not agreed upon, the parties should indicate in consolidated fashion (using redlined or different fonts) precisely what language is contested and the grounds for any objection. In other words, the Court requires a consolidated set of jury instructions to which all parties agree. Following the agreed-upon jury instructions, the parties should include those instructions to which opposing counsel objects. Where an instruction is not agreed upon, the parties should indicate who is proposing the instruction and the legal basis for the instruction and for the other party's opposition to the instruction.

**SO ORDERED** this  15th August, 2022.

RICHARD W. STORY
United States District Judge